BELSOME, J.,
Dissents With Reasons.
11The two issues presented are whether the trial court abused its discretion when it granted (1) the motion to suppress evidence and (2) the motion to suppress statements filed by the defendant. I find that the trial court did not abuse its discretion and for the following reasons, I respectfully dissent.
The first consideration is whether the trial judge erred when it granted the de *912 fendant’s motion to suppress the evidence. Contrary to the majority's opinion, I find that the “plain view” exception does not apply in this case and the officers did not have probable cause to arrest the defendant.
In State v. Jones, 2002-1171, p. 10 (La.App. 4 Cir 6/26/02), 822 So.2d 205, 211, this Court discussed the plain view exception:
In order for an object to be lawfully seized pursuant to the “plain view” exception to the Fourth Amendment, “(1) there must be a prior justification for the intrusion into a protected area; (2) in the course of which the evidence is inadvertently discovered; and (3) where it is immediately apparent without close inspection that the items are evidence or contraband.” State v. Hernandez, 410 So.2d 1381, 1383 (La.1982); State v. Tate, 623 So.2d 908, 917 (La.App. 4 Cir.), writ denied 629 So.2d 1126 (La.1993) and 629 So.2d 1140 (La.1993).
Pursuant to the three requirements that must be met for the plain view exception to apply, I disagree with the majority that the third requirement was met. Specifically, I take issue with the majority’s finding that it was immediately |2apparent without close inspection that the ingots were evidence or contraband. It was only based on Officer Spooner’s belief that ingots were not for sale to the general public that he concluded that a crime had been committed; it was not immediately apparent that the ingots were either evidence or contraband. Accordingly, I would find that the “plain view” exception was inapplicable, no probable cause existed to arrest the defendant, and the trial court properly granted the defendant’s motion to suppress the evidence.
With regard to whether the trial court erroneously suppressed the defendant’s statement, I would find that because the defendant was improperly arrested, any statements made by the defendant must be suppressed pursuant to the “fruit of poisonous tree” doctrine. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
Accordingly, I would find that the trial court properly granted the defendant’s motion to suppress defendant’s statement as well as the motion to suppress evidence.